COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


EDITH RIVERA
                                    MEMORANDUM OPINION*
v.    Record No. 0727-00-3             PER CURIAM
                                       JULY 5, 2000
ROANOKE CITY DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Jonathan M. Apgar, Judge

            (Eric Roland Spencer, on brief), for
            appellant.  Appellant submitting on brief.

            (William M. Hackworth, City Attorney;
            Allen T. Wilson, Assistant City Attorney, on
            brief), for appellee.  Appellee submitting on
            brief.


     Edith Rivera appeals the decision of the circuit court

ordering an emergency removal from her home of her grandsons,

Angelo M. Carter and Andres Padilla Carter, of whom she had legal

custody.  The circuit court found that the Roanoke City Department

of Social Services (DSS) presented sufficient evidence to warrant

the emergency removal of the boys from Rivera's custody.  On

appeal, Rivera contends that DSS failed to prove by a

preponderance of the evidence that she should not have custody.

Upon reviewing the record and briefs of the parties, we conclude

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that this appeal is without merit.  Accordingly, we affirm the decision of the trial court.

## Procedural Background

At a hearing held on March 8, 1999, the juvenile and domestic relations district court (J&DR court) entered an emergency removal order sua sponte placing custody of the boys with DSS.  Rivera appealed the removal order to the circuit court.  By order entered January 18, 2000, following an ore tenus hearing on December 20, 1999, the circuit court found that, pursuant to the requirements of Code § 16.1-251 and § 16.1-252, DSS presented sufficient evidence to prove that the boys would be subjected to imminent threat to their lives or health to the extent that severe or irremediable injury would likely result if returned to or left in the custody of Rivera; reasonable efforts to prevent removal were deemed to have been made because there was no reasonable opportunity to provide preventive services; and no less drastic alternatives could reasonably protect the boys' life or health. The trial court remanded the matter to the J&DR court for any further proceedings and entered its final order.  Rivera appealed.

## Sufficiency of the Evidence

Rivera contends that the trial court erred by finding that DSS presented sufficient evidence to meet the requirements of Code § 16.1-251.  We disagree.

-

Under Code § 16.1-251, a child alleged to be neglected or abused may be taken into immediate custody based upon evidence that

> 1.  The child would be subjected to an imminent threat to life or health to the extent that severe or irremediable injury would be likely to result if the child were returned to or left in the custody of his parents, guardian, legal custodian or other person standing in loco parentis pending a final hearing on the petition.
>
> 2.  Reasonable efforts have been made to prevent removal of the child from his home and there are no alternatives less drastic than removal of the child from his home which could reasonably protect the child's life or health pending a final hearing on the petition.  The alternatives less drastic than removal may include but not be limited to the provision of medical, educational, psychiatric, psychological, homemaking or other similar services to the child or family or the issuance of a preliminary protective order pursuant to § 16.1-253.
>
> When a child is removed from his home and there is no reasonable opportunity to provide preventive services, reasonable efforts to prevent removal shall be deemed to have been made.

Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to DSS as the prevailing party below.  See Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  So viewed, the evidence proved that DSS presented sufficient evidence to meet the requirements of Code § 16.1-251.  Rivera failed to control the boys or monitor their mental and physical well-being.

-

Both boys were on house arrest status and were not to leave the home unless in the presence of Rivera. Rivera failed to control the boys, who violated their detention. Angelo was diagnosed as suffering from major depression, ADHD and oppositional defiance, but Rivera failed or refused to take Angelo for a medical evaluation or to ensure he took his proscribed medications. In June 1999, Angelo was placed in a psychiatric hospital. Andres was placed in a foster home, where he did very well. Cathy Fleming, a detention outreach worker, testified that both boys had poor hygiene as well as insufficient supervision or limits on their behavior.

Rivera testified that she had an in-home parenting aide daily and that the aide saw no problem with Rivera having custody of the boys. Rivera also testified that Angelo was mistreated by his foster family and was hospitalized as a result. Rivera also called Sheronda Carter, sister to the boys, who testified that she had lived with Rivera most of her life. Carter testified that the boys were not abused and ate every day. She admitted that she was not registered for school, although she had been in Roanoke for a month.

Other evidence reflected that both boys had a history of juvenile criminal activity as well as serious emotional or mental health problems. Rivera failed to cooperate with the attempts of DSS to provide her with counseling, homemaking, and parenting services.

-

Based upon the evidence presented, the trial court found that DSS presented sufficient evidence under Code § 16.1-251 to warrant the emergency removal of the boys from Rivera's custody. Evidence supports the trial court's conclusion.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>

-